IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY WIREMAN, *et al.*,          *
                                  *
        Plaintiffs,               *
                                  *
vs.                               *  CIVIL ACTION NO. 20-00005-KD-B
                                  *
THE CITY OF ORANGE BEACH,         *
                                  *
        Defendant.                *


## REPORT AND RECOMMENDATION

This case is before the Court on Defendant, the City of Orange Beach's Motion to Dismiss Complaint, Plaintiffs' response, Defendant's Reply, and Plaintiffs' Sur-reply.[1] (Docs. 15, 17, 18, 19). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon review of Plaintiffs' complaint, and for the reasons stated herein, it is **RECOMMENDED** that Defendant's motion be **GRANTED**.

## I. Background Facts

Plaintiffs Larry Wireman and Turquoise Properties, LLC ("Plaintiffs"), commenced this action on January 3, 2020, against Defendant, the City of Orange Beach ("the City"). (Doc. 1).

---

[1] Plaintiffs' motion for leave to file a sur-reply is **GRANTED**. (Doc. 19).

Plaintiffs assert that, in 2010, the City of Orange Beach wrongfully exacted two pieces of property from Plaintiffs, as well as a development fee of $400,000, without just compensation, in violation of the Takings Clause of the Fifth Amendment and Alabama state law. (Doc. 1).

Specifically, Plaintiffs allege that they owned real property located north of Alabama Highway 182 and south of Cotton Bayou in Orange Beach, Alabama, as well as a piece of property located south of Alabama Highway 182 and north of the Gulf of Mexico. (Id., ¶ 6). Beginning in 2003, Plaintiffs sought permission from the City to develop the property on the Gulf of Mexico into a condominium development. (Id., ¶ 7). From December 2003 through July 2009, the City adopted a series of ordinances, agreements, and resolutions to permit Plaintiffs to build the condominium development on the Gulf of Mexico. (Id., ¶¶ 8-9). As express conditions for approving the development, the City required Plaintiffs to convey to the City a 90-foot wide parcel of land on the Gulf of Mexico (the "Gulf Tract") and approximately six acres of property between Highway 182 and Cotton Bayou (the "Cotton Bayou Tract"), and pay a "Development Fee" of $400,000. (Id., ¶ 10). Plaintiffs conveyed both the Gulf Tract and the Cotton Bayou Tract to the City on February 25, 2010. (Id.,¶ 11). Plaintiffs allege that the City, by requiring deeds to the Gulf Tract and the Cotton Bayou Tract and payment of a development fee, violated the Takings Clause under the Fifth Amendment to the United States Constitution. (Id., ¶¶ 22-28). Plaintiffs also assert various state law claims,

including fraud. According to Plaintiffs, between 2003 and 2010, the City fraudulently represented how the conveyed properties and the development fee would be used, and Plaintiffs relied upon the representations to their detriment. (Id., ¶ 20). Plaintiffs further allege that the deeds conveying the subject tracts to the City contained reversion clauses providing that, in the event that the City used the properties for an unauthorized purpose, such conduct would violate the restrictions in the deeds, and title to the tracts would automatically revert to Plaintiffs. (Id., ¶¶ 11-16, 31, 36, 51, 55, 60, 65; Doc. 1 at 3-4).

Plaintiffs assert the following claims against the City of Orange Beach: Equitable Claim for Recovery of Lands (Count One);[2] Resulting or Constructive Trust (Count Two); Fraud (Count Three); Declaratory Judgment (Count Four); Ejectment (Count Five); Unlawful Detainer (Count Six); and Trespass (Count Seven). (Doc. 1 ¶¶ 29-66). Plaintiffs seek equitable and monetary relief. (Id.).

In response to the complaint, the City filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The City argues that all of Plaintiffs' claims are time-barred and that some of Plaintiffs state law claims fail to sufficiently allege a cause of action upon which relief can be granted. (Doc. 15).

---

[2] As stated, in the complaint, Plaintiffs have alleged a takings claim under the Takings Clause of the Fifth Amendment of the United States Constitution (Count One). (Doc. 1 ¶¶ 22, 24-25, 29-30, 51, 53, 58, 63). In their briefs, Plaintiffs discuss a parallel takings claim and claim for inverse condemnation under §§ 23 and 235 of the Alabama Constitution. (Doc. 17 at 12; Doc. 19-1 at 4, 7). However, the complaint alleges no claim of any kind under the Alabama Constitution.

Specifically, the City argues that Plaintiffs' only federal claim, the Fifth Amendment takings claim, is barred by the two-year statute of limitations applicable to § 1983 claims.[3] In addition, the City contends that Plaintiffs' remaining state law claims are barred, first, by the notice of claims statute, Ala. Code, § 11-47-23,[4] and, second, by the applicable statutes of limitation. (Id. at 8-15). The City further argues that Plaintiffs' claims for ejectment, unlawful detainer, trespass, and constructive or resulting trust fail to state a claim upon which relief can be granted. (Id.).

In response to the motion to dismiss, Plaintiffs argue that all of their claims, including their federal § 1983 takings claim, are subject to a *ten-year* statute of limitations and, because their

---

[3] Plaintiffs' Fifth Amendment takings claim is asserted in Count One - Equitable Claim for Recovery of Lands. In Count One, Plaintiffs seek both equitable relief and monetary damages (Doc. 1, ¶¶ 29-33). Plaintiffs also reference the takings claim in Count Two – Resulting or Constructive Trust, and seek the creation of a resulting or constructive trust for their benefit due to the City's unauthorized use of the property (id., ¶ 34-41). Plaintiffs also reference the takings claim in Count Four – Declaratory Judgment, and seek a declaratory judgment of Plaintiffs' rights, including their rights pursuant to the Takings Clause. (Id., ¶ 49-51).

[4] The notice of claim statute, Ala. Code, § 11-47-23, provides: "All claims against the municipality . . . shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." The City argues that all of Plaintiffs' state law claims are barred by this statute but concedes that the notice of claim statute does not apply to Plaintiffs' § 1983 takings claim. (Doc. 15-1 at 3 n.2). See Youngblood v. Troy City Mun. Court, 2016 U.S. Dist. LEXIS 18320, *5, 2016 WL 616845, *2 (M.D. Ala. Jan. 28, 2016), *report and recommendation adopted*, 2016 WL 617437 (M.D. Ala. Feb. 16, 2016)(§ 11-47-23 does not apply to a § 1983 claim filed in a state court in Alabama against a municipality).

claims were filed on January 3, 2020 (nine years and ten months
after they deeded the property to the City on February 25, 2010),
they are not time barred.[5]   (Doc. 17 at 2; Doc. 19-1 at 6).
Plaintiffs further dispute the City's assertion that they failed
to comply with the notice of claim statute and argue that the City
must prove their alleged failure.   Plaintiffs also argue that the
statutes of limitations on their state law claims were tolled by
fraud.  (Doc. 17 at 1-2, 18-19; Doc. 19-1 at 1).   Last, Plaintiffs
argue that their factual allegations are sufficient to state a
claim for fraud, ejectment, unlawful detainer, trespass, and the
imposition of a trust.   (Doc. 17 at 20; Doc. 19-1).

## II. <u>Standard of Review</u>

A defendant may move to dismiss a complaint pursuant to
Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has
failed to state a claim upon which relief may be granted.   "The
standard of review for a motion to dismiss is the same for the
appellate court as it [is] for the trial court."  <u>Stephens v. Dep't
of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990).
"When considering a motion to dismiss, all facts set forth in the

---

[5] Plaintiffs argue that the Court should not apply the two-year
statute of limitations generally applicable to § 1983 claims in
Alabama and should, instead, apply the ten-year statute of
limitations found in Ala. Code, § 6-2-33. Plaintiffs also contend
that the Court should find that their federal takings claim did
not accrue until the Supreme Court decided <u>Knick v. Township of
Scott, Pennsylvania</u>, 139 S. Ct. 2162, 2167, 204 L. Ed. 2d 558
(2019) on June 21, 2019.  For the reasons discussed in detail,
<i>infra,</i> these arguments are without merit.

plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." Id. at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." Id.

"[U]unsupported conclusions of law or of mixed fact and law" will not defeat a Rule 12(b)(6) motion for dismissal. Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (quoting Marsh v.

Butler Cnty., Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).
"[W]here the well-pleaded facts do not permit the court to infer
more than the mere possibility of misconduct, the complaint has
alleged—but it has not 'show[n]' — that the pleader is entitled to
relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting
Fed. R. Civ. P. 8(a)(2)).  Thus, the Court engages in a two-step
approach: "When there are well-pleaded factual allegations, a
court should assume their veracity and then determine whether they
plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S.
at 679.

        The Court also observes that the statute of limitations is an
affirmative defense, and the burden of proving an affirmative
defense is on the defendant.  Tello v. Dean Witter Reynolds, Inc.,
410 F.3d 1275, 1292 (11th Cir. 2005).  A plaintiff is not required
to anticipate and negate an affirmative defense in the complaint.
La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.
2004).  A Rule 12(b)(6) motion to dismiss on statute of limitations
grounds may be granted, however, if it is apparent from the face
of the complaint that the claim is time-barred.  Id.

   **III. Analysis**

   **A. Section 1983 Takings Claim.**

As discussed, Plaintiffs have asserted only one federal claim in this case - a Fifth Amendment takings claim under § 1983.[6] (Doc. 1, ¶¶ 29-33). Plaintiffs allege that the unlawful taking occurred on February 25, 2010, when the City wrongfully coerced and exacted the subject tracts of property and development fee from them without just compensation. (Id., ¶¶ 11). On January 3, 2020, almost ten years after the alleged unlawful taking, Plaintiffs filed the instant § 1983 action seeking damages and equitable relief. (Id.).

The City moves to dismiss Plaintiffs' Fifth Amendment takings claim on the basis that the applicable two-year statute of limitations has expired. In response, Plaintiffs make two arguments: (1) the Court should apply a ten-year statute of limitations found in Ala. Code, § 6-2-33, to their § 1983 takings claim, and (2) their takings claim should be deemed to have accrued only after the Supreme Court decided Knick v. Township of Scott, 139 S. Ct. 2162, 2168, 204 L. Ed. 2d 558 (June 21, 2019). The Court rejects both of these arguments.

First, as a preliminary matter, the Court notes that the Fifth Amendment prevents the taking of private property for public use

---

[6] "The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'" Knick v. Township of Scott, 139 S. Ct. 2162, 2168 (June 21, 2019).

without just compensation, and it applies to the States through the Fourteenth Amendment.  See Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001).  A taking may result from a "physical invasion" of the subject property, or it may follow a "regulatory imposition."[7]  Good v. United States, 189 F.3d 1355, 1360 (Fed. Cir. 1999)(citing Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1014-16 (1992)).

Takings claims, like other constitutional claims brought under § 1983, are characterized as personal injury actions and are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  See Wilson v. Garcia, 471 U.S. 261, 275-76 (1985).  In states like Alabama, with more than one statute of limitations for personal injury actions, the "residual personal injury" statute of

---

[7] The Takings Clause, as interpreted by the Supreme Court, is implicated in two distinct scenarios.  The first is when the government physically takes or occupies the property, and the second is when the government regulates the property in a manner that "deprives the owner of the economic use of the property." Yee v. City of Escondido, 503 U.S. 519, 522-23 (1992).  A physical taking is deemed to occur when "the government encroaches upon or occupies private land for its own proposed use," Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001), whereas a regulatory taking occurs when "the government prevents the landowner from making a particular use of the property that otherwise would be permissible." Forest Prop., Inc. v. United States, 177 F.3d 1360, 1364 (Fed. Cir. 1999).

limitations applies to all actions brought under section 1983.[8]
See <u>Owens v. Okure</u>, 488 U.S. 235, 250 (1989).

In Alabama, the "residual personal injury" statute is the
two-year statute of limitations for personal injury found at Ala.
Code, § 6-2-38(l) ("[a]ll actions for any injury to the person or
rights of another" must be brought within two years). <u>See</u> <u>Jones
v. Preuit & Mauldin</u>, 876 F.2d 1480, 1483 (11th Cir. 1989)("After
<u>Owens</u>, the two-year limitations period of Ala. Code § 6-2-38(l)
applies to section 1983 actions in Alabama."); <u>Taite v. Monroe
Cnty. Pub. Library</u>, 2020 U.S. Dist. LEXIS 18253, *6, 2020 WL
550692, *2 (S.D. Ala. Feb. 4, 2020 ("Claims brought under 42 U.S.C.
§§ 1983 . . . look to the general state-law limitations statute
for personal-injury actions," which, in Alabama, is two years);
<u>McNair v. Allen</u>, 515 F.3d 1168, 1173 (11th Cir.
2008)(constitutional claims brought under 42 U.S.C. § 1983 are
tort actions subject to the personal injury statute of limitations

---

[8] In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Supreme Court sought
to establish one uniform statute of limitations for all § 1983
claims.  In <u>Owens v. Okure</u>, 488 U.S. 235 (1989), the Supreme Court
noted that, while some states have different statutes of
limitations for different intentional torts, every state has one
general or residuary statute of limitations governing personal
injury actions.  To further the goal of applying one uniform
statute of limitations to § 1983 claims, the Supreme Court held
that "courts considering § 1983 claims should borrow the general
or residual statute for personal injury actions."  <u>Owens</u>, 488 U.S.
at 250.  Since the <u>Owens</u> decision, the two-year limitations period
in Ala. Code § 6-2-38(l) has been applied to § 1983 actions in
Alabama.  <u>See</u> <u>Jones</u>, 876 F.2d at 1483.

of the state where the action is brought; in Alabama, that statute is two years); Griffin v. Town of Grove Hill, 2000 Dist. LEXIS 1949 n.3, 2000 WL 210265, *3 n.3 (S.D. Ala. 2000)(all § 1983 claims are subject to the two-year statute of limitations in Ala. Code § 6-2-38 "regardless of what theory is asserted under § 1983").

Plaintiffs' novel argument that the Court should apply the ten-year statute of limitations found at Ala. Code, § 6-2-33, to § 1983 actions, in the face of the long-standing precedent in this Circuit applying the two-year statute of limitations found at Ala. Code § § 6-2-38(l), is not persuasive. Because Plaintiffs filed the instant § 1983 takings claim in Alabama, where the governing limitations period is two years, see McNair, 515 F.3d at 1173, Plaintiffs were required to bring their claim within two years from the date that the limitations period began to run.

Turning now to the issue of accrual, although state law supplies the limitations period for § 1983 actions, federal law determines when the statute of limitations begins to run on claims pursuant to § 1983. In other words, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007)(emphasis in original); see also Smith v. Shorstein, 217 Fed. Appx. 877, 881 (11th Cir. Feb. 13, 2007)("The question of when the limitations period begins to run (that is, when the cause of action has accrued), is one of federal law."); accord Diamond

v. Mobile Alumni Chapter of Kappa Alpha Psi, 2020 U.S. Dist. LEXIS
37711, *4, 2020 WL 1496025, *2 (S.D. Ala. Mar. 2, 2020), *report
and recommendation adopted,* 2020 WL 1494083 (S.D. Ala. Mar. 27,
2020).

    The general federal rule of accrual is that a cause of action
"will not accrue, and thereby set the limitations clock running,
until the plaintiffs know or should know (1) that they have
suffered the injury that forms the basis of their complaint and
(2) who has inflicted the injury." Smith, 217 Fed. Appx. at 881
(citations omitted).   When a claim accrues for statute of
limitation purposes is also "closely tied to when a claim ripens
for standing purposes." 4th Leaf, LLC v. City of Grayson, 425 F.
Supp. 3d 810, 818 (E.D. Ky. 2019)(citing Wallace v. Kato, 549 U.S.
384, 388 (2007).   A limitations period ordinarily does not begin
to run until a claim is ripe, that is, until the plaintiff has "a
complete and present cause of action."   Bay Area Laundry & Dry
Cleaning Pension Tr. Fund v. Ferbar Corp. of California, 522 U.S.
192, 195 (1997)(citations omitted).   "If accrual occurs when a
plaintiff can file suit and obtain relief, then it logically
follows that a claim may ripen and accrue at the same time." 4th
Leaf, 425 F. Supp. 3d at 818 (quoting Wallace, 549 U.S. at
388)(internal quotation marks omitted).

    In their briefs, Plaintiffs argue that their federal takings
claim accrued and ripened on June 21, 2019, the date of the Supreme

Court's decision in <u>Knick v. Township of Scott</u>, 139 S. Ct. 2162, 204 L. Ed 2d 558 (2019). Plaintiffs' argument is unavailing.

First, as discussed, the general federal accrual rule provides that a cause of action accrues when a plaintiff knows or should have known that he or she has suffered the injury made the basis of the complaint and who has inflicted the injury. <u>Smith</u>, 217 Fed. Appx. at 881. Here, the allegations of the complaint establish that Plaintiffs knew that they had been harmed by the City on February 25, 2010, the date that the City "coerc[ed]" Plaintiffs to convey the deeds to the subject properties to the City without just compensation in order that Plaintiffs could develop their condominium project. (Doc. 1 at ¶¶ 11, 14, 21, 25-27 30, 35). Thus, Plaintiffs' federal takings claim *accrued* at the time of the taking in 2010.

With respect to when Plaintiffs' federal takings claim *ripened*, prior to <u>Knick</u>, the rule announced by the Supreme Court in <u>Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City</u>, 473 U.S. 172, 176 (1985), *overruled in part by* <u>Knick</u>, was that a federal takings claim was not ripe for review until (1) there had been a final decision[9] and (2) the plaintiff had utilized

---

[9] Following <u>Williamson Cnty.</u>, courts recognized that the final decision requirement is assumed in a physical takings action because, "[w]here there has been a physical invasion, the taking occurs at once, and nothing the [government actor] can do or say after that point will change that fact." <u>Pascoag Reservoir & Dam,</u>
(Continued)

all state court procedures for just compensation. Id., 473 U.S. at 186-194 (property developer's § 1983 takings claim against zoning board was not ripe because developer had not utilized the State's inverse condemnation procedures before coming to federal court). See also Fields v. Sarasota Manatee Airport Auth., 953 F.2d 1299, 1303 (11th Cir. 1992)(holding that Williamson Cnty. required potential federal court plaintiffs to pursue any available state court remedies before bringing suit in federal court under § 1983 for claims arising under the Fourteenth and Fifth Amendments for the taking of property without just compensation).

The Supreme Court recognized in Knick that the state-litigation requirement of Williamson Cnty. was unworkable in practice because of the preclusive effect of the requirement on subsequent federal litigation. Indeed, it prevented many plaintiffs from ever having the opportunity to litigate in a federal forum. Therefore, the Court expressly overruled Williamson Cnty. and held that, because "a taking without compensation violates the self-executing Fifth Amendment at the

_____

LLC v. Rhode Island, 337 F.3d 87, 91-92 (1st Cir. 2003)(citations omitted); accord Kurtz v. Verizon N.Y., Inc., 758 F. 3d 506 (2nd Cir. 2014); Peters v. Village of Clifton, 498 F. 3d 727, 732 (7th Cir. 2007). Knick did not question the validity of this finality requirement, as it was not at issue in the case. Knick, 139 S. Ct. at 2169.

time of the taking, the property owner can bring a federal suit *at that time*." Id., 139 S. Ct. at 2170, 2172 (emphasis added). The Knick court made it clear that a property owner no longer must pursue state-court remedies before filing a federal takings claim; rather, a claim for a violation of the Takings Clause ripens "as soon as a government takes his property for public use without paying for it," that is, a property owner has a claim for a violation of the Takings Clause "at the time of the taking." Id. Thus, applying Knick to the present case, Plaintiffs' federal takings claim ripened and accrued at the same time, that is, the time of the taking in 2010.

As discussed, Plaintiffs filed their federal takings claim in this Court on January 3, 2020, approximately six months after Knick had been decided, alleging a physical taking without just compensation by the City of Orange Beach on February 25, 2010, when the City "coerc[ed]" Plaintiffs to convey the deeds to their properties to the City without just compensation in order for Plaintiffs to be allowed to develop a separate condominium project. (Doc. 1 at ¶¶ 11, 14, 21, 25-27 30, 35). Plaintiffs' allegations establish that they knew or should have known at the time of the unlawful taking of their property in 2010 that they had been harmed by the City. Yet, they waited almost ten years to file their § 1983 takings claim in this Court.

It is well settled that the Court "must apply the law in

15

effect at the time it renders its decision." <u>Henderson v. United States</u>, 568 U.S. 266, 271 (2013). As stated, Plaintiffs filed the instant action after <u>Knick</u> was decided. Thus, applying <u>Knick</u>, Plaintiffs' federal takings claim accrued and ripened at the time of the taking[10]. <u>See</u> <u>Knick</u>, 139 S. Ct. at 2168, 2172 ("[t]he act of taking is the event which gives rise to the claim for compensation," as "the landowner has *already* suffered at the time of the uncompensated taking;" "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it.")(emphasis in original). Because Plaintiffs did not file the instant § 1983 action until January 3, 2020, almost ten years after their claim

---

[10] The Court notes in passing that, it does not appear that Plaintiffs' takings claim ever ripened under the prior takings law of <u>Williamson Cnty.</u> as Plaintiffs do not allege and there is <u>nothing before the Court that suggests that </u>Plaintiffs ever sought to fulfill the state-litigation requirement by filing an inverse condemnation claim in the Alabama state courts within two years of the accrual of the claim. <u>See</u> <u>Long v. City of Athens</u>, 24 So. 3d 1110, 1116 (Ala. Civ. App. 2009)(citing Ala. Code, § 11-47-23); <u>see</u> <u>also</u> <u>Business Realty Inv. Co., Inc. v. Jefferson Cnty., Alabama</u>, 2011 U.S. Dist. LEXIS 160997, *3, 2011 WL 13136255, *1 (N.D. Ala. June 22, 2011)("Even if theoretically there could be a taking under the circumstances alleged here, any such claim is not yet ripe, because <u>Williamson Cnty. Reg. Planning Comm. v. Hamilton Bank of Johnson City</u>, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985), requires a property owner to seek legal redress through available state procedures before invoking 42 U.S.C. § 1983.")(internal quotation marks omitted).

accrued and ripened, their claim is untimely.[11]

Finally, to the extent that Plaintiffs seek to argue that the two-year statute of limitations on their federal takings claim should be tolled as a result of Knick's elimination of the state-litigation requirement and change in the law regarding when a federal takings claim ripens, the Court finds that argument unpersuasive based on the allegations in Plaintiffs' complaint. "Equitable tolling is a rare remedy to be applied in unusual circumstances." Wallace v. Kato, 549 U.S. 384, 396 (2007). "The doctrine of equitable tolling creates an exception to the time limitations otherwise imposed by statutes of limitations." Heining v. City of Anniston, Alabama, 2017 U.S. Dist. LEXIS 157402, *19, 2017 WL 4265382, *9 (N.D. Ala. Sept. 26, 2017). "Whether applied to a federal law claim or a state law claim, [t]he party seeking equitable tolling has the burden of proof." Id. (quoting Menominee Indian Tribe of Wis. v. United States, _U.S._, 136 S.

---

[11] "The Supreme Court has routinely held that when applying a rule of federal law to the parties before it, that rule [becomes] the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule." 4th Leaf, 425 F. Supp. 3d at 819 n.9 (quoting Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993)(internal quotation marks omitted). "A new rule is retroactive even if it makes a previously timely action untimely." Id. (citing Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995)(finding that a recent Supreme Court case "retroactively invalidated the tolling provision that [made the plaintiff's] suit timely")(internal quotation marks omitted)).

Ct. 750, 755–56, 193 L. Ed. 2d 652 (2016)(internal quotation marks omitted)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way as to the filing of his action." Heining, 2017 WL 4265382 at *9 (quoting Weaver v. Firestone, 155 So. 3d 952, 957-8 (Ala. 2013); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Id. (citations and internal quotation marks omitted).

In the instant case, there is nothing in Plaintiffs' complaint or otherwise before the Court to suggest that Plaintiffs have been pursuing their rights diligently and that some extraordinary circumstance stood in their way as to the filing of their federal action.[12]  Given the absence of any facts that would warrant the application of equitable tolling, Plaintiffs' federal takings

---

[12] Cf. 4th Leaf, LLC v. City of Grayson, 425 F. Supp. 3d 810, 817 (E.D. Ky. 2019)(finding that the statute of limitations on plaintiff's federal due process claim was equitably tolled until the Supreme Court's ruling in Knick where plaintiff had promptly filed suit in state court for inverse condemnation and other relief after a City ordinance adversely affected Plaintiff's property and then promptly proceeded with a federal action when the state supreme court denied relief).

claim is untimely.[13] Accordingly, the two-year statute of limitations for Plaintiffs' § 1983 takings claim has expired, and Plaintiffs' takings claim is, therefore, time-barred.

For each of the foregoing reasons, the Court finds that the City's motion to dismiss Plaintiff's § 1983 takings claim is due to be granted.

**B. Supplemental Jurisdiction Over State Law Claims.**

The district court may decline to exercise supplemental jurisdiction over state law claims after it has dismissed all claims over which it has original jurisdiction, taking into consideration judicial economy, convenience, fairness, and comity, as well as the Eleventh Circuit's admonition to dismiss any remaining state claims where, as here, the federal claims have been dismissed prior to trial. See Carroll v. Zieman, 2019 U.S. Dist. LEXIS 40558, *4, 2019 WL 1177987, *2 (N.D. Fla. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1172017 (N.D. Fla. Mar. 12, 2019). Having found that Plaintiff's sole federal law claim is due to be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. "Alabama state courts, not federal court, are the proper forum to navigate [Plaintiffs'] state-law claims," and "[t]he

---

[13] To the extent Plaintiffs contend that equitable tolling is in fact warranted in this case based on the record before the Court, they should set forth such facts in objections to the instant report and recommendation.

stage of these proceedings is early as discovery has not even begun." Carruth v. Bentley, 2018 U.S. Dist. LEXIS 70776, *48, 2018 WL 1993257, *16 (N.D. Ala. Apr. 27, 2018), *aff'd,* 942 F.3d 1047 (11th Cir. 2019).

To the extent that Plaintiffs' state law claims were not time-barred when this action was filed, 28 U.S.C.A. § 1367(d) tolls the statutes of limitation for state claims during the period in which they have been pending in federal court and for thirty (30) days after an order of dismissal.[14] See Schober v. Town of Fort Myers Beach, Fla., 2015 WL 846422, *2 (M.D. Fla. Feb. 26, 2015). Thus, Plaintiffs may refile their state claims in state court, provided that they do so in a timely manner. Id.

For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims and dismisses them without prejudice.

---

[14] In the event that Plaintiffs seek to refile their state-law claims in state court, the Court directs them to 28 U.S.C. § 1367(d), which clarifies the period of limitations that will apply to Plaintiffs' remaining state-law claims. The statute provides, in pertinent part:

    (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

**IV. Conclusion.**

For the reasons set forth above, the undersigned **RECOMMENDS** that that the City's motion to dismiss (Doc. 15) be **GRANTED, with prejudice**, as to Plaintiffs' § 1983 takings claim (Count One), that the City's motion to dismiss be **GRANTED, without prejudice**, as to Plaintiffs' remaining state law claims, and that the Court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **May, 2020.**

　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**