IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY WIREMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION: 1:20-00005-KD-B |
| | ) |
| THE CITY OF ORANGE BEACH, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the City of Orange Beach's motion to dismiss the complaint and the Magistrate Judge's Report and Recommendation regarding the same. (Docs. 15, 20).

Plaintiffs' complaint is, in the vernacular of criminal law, both duplicitous and multiplicitous. In other words, Plaintiffs have made multiple claims in the same count and repeated them in other counts. When closely examined, parsed, and condensed, the complaint alleges five claims with various remedies against Defendant City of Orange Beach (Orange Beach). Specifically, the Plaintiffs allege: 1) that two parcels of real estate and $400,000 were taken in violation of the Fifth Amendment: 2) an implicit[1] state law claim for inverse condemnation of the real estate and $400,000; 3) a state law claim that the same property was acquired by fraud; 4) a state law claim of trespass; and 5) a state law claim that Orange Beach has violated the restrictive covenants of the deed that transferred the real estate.[2] Adding to the confusion, the Plaintiffs label

---

[1] While the complaint does not explicitly allege an action for inverse condemnation, the plaintiffs assert a claim for attorney fees under Ala. Code § 18-1A-32(b), the statute that addresses inverse condemnation, and asks for recovery of property.

[2] In their responsive pleading to the motion to dismiss, the plaintiffs argue that the contract is violative of public policy and should be rescinded. However, the complaint fails to make this claim.

as counts various state court remedies, i.e., recovery of property, constructive trust, declaratory judgment, and ejectment.

The Magistrate Judge made a herculean effort to sort out the complaint and address the federal claim. Now each party asks for clarification and urges the Court to retain jurisdiction over the remainder of the claims.

Upon consideration, the Court adopts the Report and Recommendation dismissing Plaintiffs' claim based on the Takings Clause of the Fifth Amendment because the two-year statute of limitations for bringing said claim expired almost eight years ago. This dismissal also goes to all remedies based on the Fifth Amendment claim, i.e. compensation, declaratory judgment, a resulting/constructive trust, recovery of property and ejectment.

A "takings" assertion is also the basis for Plaintiffs' action for inverse condemnation. Accordingly, to the extent such a claim can be asserted, *see infra,* the Court has jurisdiction to consider the claim. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) ("In general, a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim."). As explained in McClendon v. City of Boaz, 395 So.2d 21, 24 (Ala. 1981):

> Inverse condemnation is the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation….Such an action must be brought within the applicable statutory period. When the governmental entity in question is a municipality, an inverse condemnation claim must 'be presented to the clerk for payment within two years from the accrual of said claim or be barred,' § 11-47-23, Code of Alabama 1975.

395 So.2d at 24 (internal citations omitted). Accordingly, the inverse condemnation claim meets the same fate as the Section 1983 claim and for the same reason. Plaintiffs' inverse condemnation claim is eight years too late.

What remains of the complaint are Plaintiffs' claims that Orange Beach committed fraud, trespassed, and has unlawfully detained their property (and the remedies requested of compensation, declaratory judgment, ejectment, constructive/resulting trust and recovery of property). The fraud claim is not even arguably based on federal law. The trespass and unlawful detention claims are based on two grounds: an unconstitutional taking and a violation of restrictive covenants in the deeds. As background, Plaintiffs explain in the "facts" section of the complaint that they deeded the property and paid the development fee in return for Orange Beach's approval of the development of a condominium project. But, because Orange Beach failed to use the land and money as Orange Beach represented it would, the land should revert back to Plaintiffs and the development fee should be returned. These facts foreclose any possible Takings Claim.

First, it appears that Plaintiffs are allege an agreement with Orange Beach, that Orange Beach did not keep.  A breach of contract claim does not give rise to a Section 1983 constitutional claim. Medical Laundry Services, A Division of OPLCO, Inc. v. Board of Trustees of the University of Alabama, 906 F.2d 571, 573 (11th Cir. 1990); Braden v. Texas A & M University System, 636 F.2d 90, 93 (5th Cir. 1981) ("If the State merely breached a contract with [plaintiff] he would have no cause of action under Section 1983").[3]

But even outside the context of a breach of contract, Plaintiffs still have no basis to assert a Takings Claim because they deeded the property in question to Orange Beach. As explained in Boyce v. Augusta-Richmond County, 111 F.Supp.2d 1363, 1382-83 (S.D. Ga. 2000):

> [A] property owner cannot bring an inverse condemnation claim when the owner permits the government to use the property pursuant to an agreement. In Janowsky v. United States, 23 Cl.Ct. 706, 713 (1991), *reversed in part and vacated in part on other grounds,* 989 F.2d 1203, 1993 WL 36863 (Fed.Cir.1993), the United States Court of Federal Claims stated that a taking of private property for public use is

---

[3] Decisions issued by the former Fifth Circuit rendered prior to October 1, 1981 are valid precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

different in kind from the government's receipt of property pursuant to an agreement with the property owner. Under this analytical distinction, when a citizen delivers property to the government pursuant to an agreement, an inverse condemnation claim does not arise simply because the government does not pay; the property owner's consent to the arrangement vitiates a claim that the government took the property for public use within the meaning of the Fifth Amendment.

As a result, Janowsky recognized a "bright line" between voluntary dealings involving property owners and the government and constitutional takings of property. Id. at 714. See also Sun Oil v. United States, 215 Ct.Cl. 716, 572 F.2d 786, 818 (1978) (stating that "the concept of a taking as a compensable claim theory has limited application to the relative rights of party litigants when those rights have been voluntarily ... created by contract.... In such instances, interference with such contractual rights generally gives rise to a breach claim not a taking claim."); Marathon Oil Co. v. United States, 16 Cl.Ct. 332, 338 (1989) (stating that "the clear thrust of the authorities [regarding taking claims] is that where the government possesses property under the color of legal right, as by an express contract, there is seldom a taking in violation of the fifth amendment."); National Board of the YMCA v. United States, 184 Ct.Cl. 427, 396 F.2d 467, 475 (1968) (finding no Fifth Amendment taking partly because "the structural changes [of the property] ... were made with the consent of the owner"), *aff'd,* 395 U.S. 85, 89 S.Ct. 1511, 23 L.Ed.2d 117 (1969); J.J. Henry Co. v. United States, 188 Ct.Cl. 39, 411 F.2d 1246, 1249 (1969) (stating that "where the government possesses property under color of legal right, as by an express contract, there is seldom a taking in violation of the Fifth Amendment. The amendment has limited application to the relative rights in property of parties litigant which have been voluntarily created by contract.").

Accordingly, Plaintiffs' claims sound in state contract and property law, not constitutional law. The Court declines to exercise supplemental jurisdiction.

For the reasons set forth herein, Orange Beach's motion to dismiss (Doc. 15) is **GRANTED, with prejudice,** as to Plaintiffs' Section 1983 Takings Claim and any Inverse Condemnation claim; **GRANTED**, **without prejudice**, as to Plaintiffs' remaining state law claims.

**DONE** and **ORDERED** this the **9th** day of **June 2020.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**